**DUAN ZHEN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, The United States Department of Justice, Michael Chertoff, Secretary of the Department of Homeland Security, and the Department of Homeland Security, Respondents.**

No. 05–4652–ag.

United States Court of Appeals, Second Circuit.

July 28, 2006.

Douglas B. Payne, New York, New York, for Petitioner.

James R. Dedrick, Acting United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, Tennessee, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Duan Zhen Chen, through counsel, petitions for review of an August 8, 2005 BIA decision affirming the April 7, 2004 decision of Immigration Judge ("IJ") William Van Wyke denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Duan Zhen Chen*, No. A97–852–256 (B.I.A. Aug. 8, 2005), aff'g No. A97–852–256 (Immig. Ct. N.Y. City April 7, 2004). We assume the parties'

familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In the present case, the IJ's decision rests on his finding that Chen was not credible regarding her claims of persecution based on her practice of Christianity and her opposition to China's coercive population policies. With respect to Chen's claim of religious persecution, the IJ did not reasonably find Chen incredible because she was unresponsive when asked about the fate of fellow worshipers who were arrested with her for engaging in religious activities. She stated repeatedly that she did not know what had happened to them because they were separated from her shortly after her arrest, and it was not clear from the testimony that she had ever seen some of them again. Nor was she asked why she had not spoken to the others about what had happened to them. The IJ also found Chen incredible because, although she testified that she had discussed her alleged persecution with a fellow practitioner in the United States, that person did not testify in support of Chen's applications for relief.

With respect to Chen's claim of persecution under China's coercive population policies, because the IJ denied Chen's claim based solely on a lack of corroboration from her husband, who lives in Tennessee,

and the IJ never gave Chen an opportunity to provide such corroboration or to explain why she had not provided it, the IJ's finding cannot stand. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 122 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 394–95 (2d Cir.2005).

Because Chen did not raise her CAT claim before the BIA, and she does not raise it here, her claim is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, we GRANT the petition, VACATE the BIA's decision, and REMAND to the BIA for further proceedings consistent with this decision. The pending motion for a stay of removal in this petition is DENIED as moot.